|   |   |
|---|---|
| PABLO P. PIÑA, | ) Case No.: 1:20-cv-01735 JLT BAM (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION |
| v. | ) (Doc. 38) |
| YSUSI, et al., | ) |
| Defendants. | ) ORDER REASSIGNING THE ACTION TO THE U.S. MAGISTRATE JUDGE FOR ALL PURPOSES |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Pablo P. Piña is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 12, 2021, Plaintiff indicated his consent to proceed before a U.S. Magistrate Judge for all purposes, including trial and entry of final judgment.  (Doc. 12.)  Thereafter, Defendants also indicated their consent to proceed before a U.S. Magistrate Judge.  (Docs. 35.)  Accordingly, the matter was reassigned to U.S. Magistrate Judge Barbara A. McAuliffe for all further purposes and proceedings pursuant to 28 U.S.C. 28 U.S.C. § 636(c)(1) on February 1, 2022.  (Doc. 36.)

On February 18, 2022, Plaintiff filed another form indicating he declined to consent to the jurisdiction of a U.S. Magistrate Judge.  (Doc. 37.)  The assigned magistrate judge construed the form as a motion to withdraw consent to magistrate judge jurisdiction and the matter was assigned undersigned for the limited purpose of the disposition of Plaintiff's motion. (Doc. 38.)

A party to a federal civil case generally has a constitutional right to proceed before an Article III judge, but this right may be waived.  *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993).  Upon the

consent of all parties to the jurisdiction of magistrate judge for all further proceedings pursuant to 28 U.S.C. § 636(c)(1), an action may be referred to a magistrate judge. *See id.*; *Branch v. Umphenour*, 936 F.3d 994, 1000 (9th Cir. 2019).

Importantly, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon*, 990 F.2d at 480; *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987) (upholding the denial of motion to withdraw consent). As explained by the Fifth Circuit, once a right—even a fundamental right— is knowingly and voluntarily waived, a party has "no constitutional right to recant at will." *Id.* at 1021.  Thus, after all parties have consented and the action is referred to a magistrate judge, "the reference can be withdrawn only 'for good cause shown on [the court's] own motion, or under extraordinary circumstances shown by any party.'" *Dixon*, 990 F.2d at 480 (quoting 28 U.S.C. § 636(c)(4)). The showing of "extraordinary circumstances… is a high bar that is difficult to satisfy." *Branch*, 936 F.3d at 1004 (citation omitted).

Plaintiff fails to meet the "high bar" required to support the withdrawal of his consent to magistrate judge jurisdiction.  Plaintiff merely completed a new form, without any explanation for his attempt to withdraw his consent.  The Court is unable to speculate that "exceptional circumstances" exist for withdrawal of his consent.  Accordingly, the Court **ORDERS**:

1. The request to withdraw consent to the jurisdiction of the magistrate judge is **DENIED**;
2. The Clerk is directed to reassign the matter to United States Magistrate Judge Barbara A. McAuliffe for all purposes within the meaning of 28 U.S.C. § 636(c), including trial and entry of judgment; and
3. Further papers shall bear the case number **1:20-cv-01735-BAM (PC)**.

IT IS SO ORDERED.

Dated:   **February 25, 2022**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE