# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PIÑA,<br><br>            Plaintiff,<br><br>    v.<br><br>YSUSI, *et al.*,<br><br>            Defendants. | Case No.  1:20-cv-01735-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING A STAY OF DEFENDANT GONZALES'S MOTION FOR SUMMARY JUDGMENT TO COMPLETE DISCOVERY<br>(ECF No. 42)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br>(ECF No. 45)<br><br>**THIRTY (30) DAY DEADLINE** |

## I.    Introduction

Plaintiff Pablo P. Piña ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Ysusi for excessive force in violation of the Eighth Amendment and against Defendant J. Gonzales for retaliation in violation of the First Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 36, 39.)

On April 18, 2022, Defendant Gonzales filed a motion for partial summary judgment on the ground that Plaintiff failed to exhaust available administrative remedies for his claims against Defendant Gonzales.  (ECF No. 41.)  On May 10, 2022, Plaintiff filed a motion requesting a stay of Defendant Gonzales's motion for summary judgment in order to complete discovery.  (ECF

1    No. 42.) Defendants filed an opposition on May 12, 2022, (ECF No. 43), and Plaintiff filed a

2    reply on June 8, 2022, (ECF No. 44).

3          On June 9, 2022, Plaintiff also filed a motion requesting an extension of time, clarifying

4    that he is seeking a 60-day extension of the time for him to respond to Defendant Gonzales's

5    motion for summary judgment. (ECF No. 45.) On June 21, 2022, Defendants filed a statement of

6    non-opposition to Plaintiff's motion. (ECF No. 47.) Although Plaintiff has not yet had the

7    opportunity to file a reply, the Court finds a response unnecessary.

8          Plaintiff's motion requesting a stay and motion for extension of time are deemed

9    submitted. Local Rule 230(l).

10   **II.    Motion to Stay Summary Judgment Motion**

11         In his motion, Plaintiff argues that he served discovery requests on March 14, 2022, and

12   Defendants responded on March 25, 2022, but did not provide Plaintiff with any of the discovery

13   requested and gave answers to admissions that were conclusory and not factual. (ECF No. 42.)

14   During his deposition on April 14, 2022, Plaintiff could not respond to the questions without

15   being provided with discovery. Plaintiff spoke with Defendants' counsel after the deposition and

16   explained that he did not receive what he asked for, and Deputy Attorney General Majd stated

17   that she would schedule an interview to discuss discovery. While awaiting the interview, Plaintiff

18   received Defendant Gonzales's motion for summary judgment. Plaintiff contends that he cannot

19   respond to the motion without first being given all discovery that he asked for. (*Id.*)

20         In opposition, Defendants argue that all of Plaintiff's discovery requests relate to the

21   merits of Plaintiff's claims against Defendant Ysusi for Eighth Amendment excessive force and

22   Defendant Gonzales for First Amendment retaliation. (ECF No. 43.) None of the requests are

23   relevant to Defendant Gonzales's summary judgment motion based on Plaintiff's failure to

24   exhaust administrative remedies as to his retaliation claim against Defendant Gonzales. In

25   addition, Defendants' counsel contends that Plaintiff misrepresents counsel's communications

26   with Plaintiff concerning discovery, and counsel requested that Plaintiff first memorialize his

27   issues with Defendants' responses in writing, which Defendants would then respond to and then

28   schedule a meeting to discuss and potentially resolve any outstanding issues. However,

Defendants did not receive Plaintiff's meet and confer letter until May 3, responded to Plaintiff's letter on May 9, and Plaintiff's motion to stay the pending motion for summary judgment was filed on May 10. Defendants further state that they do not oppose a reasonable extension of time for Plaintiff to prepare his opposition to Defendant Gonzales's summary judgment motion. Defendants attach as exhibits copies of Plaintiff's discovery requests and Defendants' responses as well as copies of Plaintiff's meet and confer letter and Defendants' response. (*Id.*, Exh. A–F.)

In his reply, Plaintiff generally reiterates his argument that he cannot respond to the summary judgment motion without first resolving his discovery issues with Defendants. (ECF No. 44.) Plaintiff argues that Defendants cannot place limits on discovery, and it is only their opinion that the discovery Plaintiff requested has no relevance to the failure to exhaust motion. Plaintiff requests a stay of 60 days to resolve the discovery dispute. Plaintiff further notes that the institution where he is housed is experiencing staff shortages and COVID-related problems that are causing issues with access to the law library, making it difficult to meet court deadlines. The remainder of Plaintiff's reply brief sets forth arguments regarding the sufficiency of Defendants' responses to his discovery requests. (*Id.*)

**A.**     **Legal Standard**

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Getz v. Boeing Co.*, 654 F.3d 852, 867–68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

///

///

**B.     Discussion**

The Court has reviewed Plaintiff's discovery requests, attached to Defendants' opposition to the motion to stay, and finds that some of the requests could be relevant to the issue of exhaustion. (ECF No. 43-1, pp. 41–42.) For example, in Plaintiff's Request for Admissions to Defendant Gonzales, Plaintiff requests admissions that Defendant Gonzales "told Plaintiff that you don't give a damn about 602 appeals," "told Plaintiff that he would find his appeal in the garbage," and "told Plaintiff that if he files a 602 appeal that he would regret it." (*Id.*)

However, Plaintiff has failed to carry his burden of specifically identifying relevant information—in response to these requests or any others—that would prevent the Court from granting Defendant Gonzales's summary judgment motion. Plaintiff cannot argue that each and every discovery response provided by Defendants is insufficient, or that each and every discovery request submitted is relevant to opposing Defendant Gonzales's motion for summary judgment. Nor can Plaintiff argue, again in conclusory fashion, that every discovery request would provide information necessary for Plaintiff to establish a dispute of material fact to oppose a summary judgment motion dealing only with the issue of whether Plaintiff exhausted his administrative remedies as to his claims against Defendant Gonzales.

**III.    Plaintiff's Motion for Extension of Time**

In the motion for extension of time to file his opposition to Defendants' motion for summary judgment, Plaintiff raises a new argument, specifying that in his request for production of documents, he asked for the Defendants' disciplinary history and any complaints or 602s that were filed against them. (ECF No. 45, p. 3.) Plaintiff argues that he intends to show that CDCR and Corcoran, and these Defendants, have a history of retaliation against inmates that file complaints. (*Id.* at 2.)

Defendants state that for judicial economy, and in a good faith attempt to resolve this dispute, Defendants do not oppose Plaintiff's request for an extension of time to file his opposition to the motion for partial summary judgment. (ECF No. 47.) However, despite Defendants' non-opposition to Plaintiff's request for an extension of time, Defendants reiterate their position that Plaintiff is not entitled to the documents he requests, nor are these documents

necessary to oppose Defendant Gonzales's exhaustion-based summary judgment motion. Defendants contend that Plaintiff's requests show that he intends to present "character evidence" and "other acts" to support his opposition, which is prohibited by Federal Rule of Evidence 404. In addition, the complaints and 602-appeals sought by Plaintiff are inmate allegations that might not be true, and are inadmissible because they have no relationship to this case. Finally, searching for any hand-written appeal that might mention Defendants pose an intolerable burden that would be grossly disproportionate to the contours of the case. (*Id.*) Additionally, Defendants served on Plaintiff the declaration of P. Williams, Corcoran's Custodian of Records, who explains why the 602-appeals are protected by the Official-Information privilege and also confirms that upon a reasonable and diligent search, that Corcoran does not possess the bulk of the records Plaintiff requests. (ECF No. 47-1.)

**A.     Legal Standard**

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).[1]

Federal Rule of Evidence 404 states:

> **(a) Character Evidence.**
>     **(1) Prohibited Uses**. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
>     . . .
> **(b) Crimes, Wrongs, or Other Acts.**
>     **(1) Prohibited Uses**. Evidence of a crime, wrong, or other act is not

---

[1] Federal Rule of Civil Procedure 26(b)(1) no longer states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

5

admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
**(2) Permitted Uses; Notice in a Criminal Case**.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(a) & (b).

Federal Rule of Evidence Rule 406 states that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."  Fed. R. Evid. 406.

### B. Discussion

As Plaintiff explains, he is seeking the disciplinary histories of the defendants to prove two points, "that the defendants have a history of threats and retaliation and that they have impeded inmates from filing 602 appeals in the past."  (ECF No. 45, p. 2.)  Further, Plaintiff states that he "intends to show that cdrc [sic] and corcoran, and these defendants have a history of retaliation against inmates that file complaints."  (*Id.*)  However, Plaintiff does not explain how any of this discovery is relevant to Defendant Gonzales's motion for partial summary judgment based on exhaustion, and how the requested documents are necessary for Plaintiff to oppose the motion.  Significantly, at no point in his motion does Plaintiff allege that he was personally unable to exhaust his administrative remedies with respect to Defendant Gonzales's role in the incident at issue in this action.

Even if Plaintiff did allege that Defendant Gonzales, or any other defendant, had such a history of threats or retaliation that was relevant to Plaintiff's opposition to the pending summary judgment motion, Plaintiff has failed to address Defendants' argument that the specific requests at issue are unduly burdensome.  A discovery request may be deemed burdensome and overly broad if the requesting party fails to make a "specific showing that the burdens of production would be minimal and that the requested documents would lead to relevant evidence."  *Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.,* 981 F.2d 429, 438–39 (9th Cir. 1992) quoting *Sorosky v. Burroughs Corp.,* 826 F.2d 794, 805 (9th Cir. 1987).

///

Plaintiff requests "copies of any complaints or 602 appeals filed against defendants by inmates and or employees." (ECF No. 43-1, p. 3.) This request is not limited in time, subject matter, or even to one particular institution. As argued by Defendants, complying with this request would require manual review of thousands of handwritten appeals and present a burden disproportionate to the likely benefit to this case. Fed. R. Civ. P. 26(b)(1); *Nugget Hydroelectric*, 981 F.2d at 438–39.

## IV.     Conclusion and Order

Having considered the moving papers, the Court finds that Plaintiff has not met the standard required to postpone consideration of Defendant Gonzales's partial summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d). Although Plaintiff has identified certain documents that he hopes will establish a pattern of retaliation or threats against inmates who file complaints, Plaintiff has not alleged that he was subjected to such retaliation or threats when attempting to exhaust his administrative remedies in this action with respect to his claims against Defendant Gonzales. In addition, the particular discovery requests at issue are burdensome and overly broad, and their relevance to Plaintiff's opposition is merely speculative.

To the extent Plaintiff believes such documents are relevant to the merits of this action, rather than to the issue of his exhaustion of administrative remedies, he remains free to file a motion to compel or otherwise attempt to narrow his discovery requests before the September 18, 2022 deadline for the completion of discovery.

Finally, in light of Defendants' statement of non-opposition, the Court will grant, in part, Plaintiff's motion for extension of time to file his opposition to the summary judgment motion. The Court finds that an extension of thirty days, rather than sixty, is appropriate under the circumstances.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting a stay of Defendant Gonzales's motion for summary judgment to complete discovery, (ECF No. 42), is DENIED;
2. Plaintiff's motion for extension of time, (ECF No. 45), is GRANTED IN PART AND DENIED IN PART, as discussed above;

3. Plaintiff's opposition to Defendant Gonzales's motion for partial summary judgment is due within **thirty (30) days** from the date of service of this order;

4. Defendants' reply, if any, is due no more than **fourteen (14) days** following the docketing of Plaintiff's opposition; and

5. **Plaintiff is warned that if he fails to file an opposition in compliance with the Court's order, the Court will recommend that this matter be dismissed, with prejudice, for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **June 22, 2022**           /s/ *Barbara A. McAuliffe*           
                                                          UNITED STATES MAGISTRATE JUDGE