# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PIÑA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YSUSI, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01735-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING COURT ORDER THAT CDCR PROVIDE ACCESS TO ALL LEGAL MATERIALS/LAW BOOKS<br><br>(ECF No. 51) |

Plaintiff Pablo P. Piña ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Ysusi for excessive force in violation of the Eighth Amendment and against Defendant J. Gonzales for retaliation in violation of the First Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 36, 39.)

**I.      Motion for Preliminary Injunction**

Currently before the Court is Plaintiff's motion requesting a Court order that CDCR provide access to all legal materials/law books, filed September 30, 2022. (ECF No. 51.) Plaintiff states that on September 12, 2022, he was abruptly transferred from Kern Valley State Prison without any of his property and legal materials relating to this case and several state actions. On September 23, 2022, Plaintiff was told by R&R that he must dispose of much of his legal materials because he has too much property. Plaintiff believes that this is further retaliation by CDCR to impede his ability to pursue legal action against CDCR and Defendants. Plaintiff

1

1 requests that the Court order CCI to provide Plaintiff with all of his legal materials and law
2 books, as at present Plaintiff is on strip cell status and not allowed access to the law library or any
3 other facilities.  Plaintiff has been placed on a 21-day quarantine, even after taking the 24 hour
4 COVID test.  Plaintiff states that as the Court is aware, he is on discovery deadlines.  (*Id.*)
5      The Court construes the motion as a request for a preliminary injunction.  Although
6 Defendants have not yet had the opportunity to file a reply, the Court finds a response
7 unnecessary.  Plaintiff's motion is deemed submitted.  Local Rule 230(l).
8 **II.     Legal Standard**
9      "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*
10 *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a
11 preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to
12 suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his
13 favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction
14 may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation
15 omitted).
16      Federal courts are courts of limited jurisdiction and in considering a request for
17 preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
18 have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);
19 *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.
20 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no
21 power to hear the matter in question. *Id.*  Requests for prospective relief are further limited by 18
22 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find
23 the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation
24 of the Federal right, and is the least intrusive means necessary to correct the violation of the
25 Federal right."
26      Furthermore, the pendency of this action does not give the Court jurisdiction over prison
27 officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*
28 *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

1  in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555
2  U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

### III.  Discussion

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. This action is proceeding against Defendants Ysusi and Gonzales for claims regarding excessive force and retaliation, based on events that occurred while Plaintiff was housed at California State Prison, Corcoran. This action is not proceeding on any claims related to Plaintiff's access to legal property, and is not proceeding against any defendants employed at CCI who might be compelled to act under the order Plaintiff seeks. Thus, the Court lacks personal jurisdiction over any staff at CCI who are not parties to this action and are not alleged to have any involvement in the events related to Plaintiff's claims against Defendants Ysusi and Gonzales.

Finally, the Court is unpersuaded by Plaintiff's argument that he requires his legal materials because he is subject to discovery deadlines. Pursuant to the Court's January 18, 2022 discovery and scheduling order, which has not been modified, all discovery closed in this action on September 18, 2022. (ECF No. 33.) Further, with the filing of Plaintiff's opposition, (ECF No. 49), and Defendant Gonzales' reply, (ECF No. 50), Defendant Gonzales' motion for partial summary judgment is now fully briefed. Thus, Plaintiff has not identified any upcoming deadlines in this action, relating to discovery or other matters, which he will be unable to meet due to current lack of access to his legal property.

### IV.  Order

Accordingly, Plaintiff's motion requesting a court order that CDCR provide access to all legal materials/law books, (ECF No. 51), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **October 4, 2022**          /s/ *Barbara A. McAuliffe*          
                                  UNITED STATES MAGISTRATE JUDGE