# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PIÑA,<br><br>            Plaintiff,<br><br>      v.<br><br>YSUSI, *et al.*,<br><br>            Defendants. | Case No.  1:20-cv-01735-BAM (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 53) |

**I.      Background**

Plaintiff Pablo P. Piña ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Ysusi for excessive force in violation of the Eighth Amendment and against Defendant J. Gonzales for retaliation in violation of the First Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF Nos. 36, 39.)

On September 30, 2022, Plaintiff filed a motion requesting a Court order that CDCR provide access to all legal materials/law books.  (ECF No. 51.)  As Plaintiff was requesting a Court order directing staff at California Correctional Institution ("CCI") to take a specific action, the Court construed the motion as a request for a preliminary injunction, and the motion was denied.  (ECF No. 52.)  The Court explained that it lacked personal jurisdiction over any staff at CCI who are not parties to this action and are not alleged to have any involvement in the events

1  related to Plaintiff's claims against Defendants Ysusi and Gonzales.  The Court further noted that
2  it was unpersuaded by Plaintiff's argument that he required his legal materials because he is
3  subject to discovery deadlines, as the deadline for completion of all discovery had expired by the
4  time Plaintiff's motion was filed.  (*Id.*)

5  Currently before the Court is Plaintiff's motion for reconsideration of the Court's order
6  denying his motion for a court order, filed November 16, 2022.  (ECF No. 53.)  Although
7  Defendants have not yet had the opportunity to file a response, the Court finds a response
8  unnecessary.  Plaintiff's motion is deemed submitted.  Local Rule 230(l).

9  **II.     Motion for Reconsideration**

10 **A.     Legal Standard**

11 "A motion for reconsideration should not be granted, absent highly unusual
12 circumstances, unless the district court is presented with newly discovered evidence, committed
13 clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals,*
14 *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks
15 and citations omitted), and "[a] party seeking reconsideration must show more than a
16 disagreement with the Court's decision, and recapitulation . . ." of that which was already
17 considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d
18 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Federal Rule of
19 Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b)
20 permits a district court to relieve a party from a final order or judgment on grounds of:
21 "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .;
22 (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .
23 or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P.
24 60(b).  Additionally, pursuant to this Court's Local Rules, when filing a motion for
25 reconsideration of an order, a party must show "what new or different facts or circumstances are
26 claimed to exist which did not exist or were not shown upon such prior motion, or what other
27 grounds exist for the motion."  Local Rule 230(j).
28 ///

**B.     Discussion**

In his motion, Plaintiff argues that he was transferred from Kern Valley State Prison ("KVSP") to CCI on September 12, 2022, and upon his arrival informed Officer Wilburn in R&R that he had a court deadline for September 18, 2022. (ECF No. 53.) However, prison staff ignored Plaintiff's request for the property and his legal materials, thus denying Plaintiff the ability to prepare for his final discovery requests in this action. Officer Wilburn at CCI and Sergeant Hernandez at KVSP told Plaintiff that he must dispose of half of his legal materials because he had too much property, despite Plaintiff informing them that he has three active cases in court and is preparing to file another. Plaintiff argues that these officers are violating CDCR's policies which allow inmates to have all legal material that pertains to active court cases. Plaintiff states that although the Court construed his motion as seeking an injunction, all Plaintiff is asking for is a court order that prison officials allow Plaintiff to pursue his legal actions. Plaintiff argues that denying his request for a court order allows Defendants and future CDCR defendants to impede inmates' legal endeavors. Plaintiff contends that these officers and Defendants in this action are one and the same, because they all work for the same employer, CDCR, and are assisting each other, regardless of where they are working. Plaintiff again asks that the Court intervene and order CCI and CDCR to cease their unlawful tactics to impede Plaintiff's legal action. (*Id.*)

Plaintiff's motion for reconsideration presents merely his disagreement with the Court's prior order, but fails to show any basis for reconsidering the Court's decision. Although Plaintiff contends that he seeks "merely" a court order, such a court order would constitute preliminary injunctive relief, and was therefore appropriately considered under those legal standards. Plaintiff's argument that all CDCR employees should be considered the same, merely because they are all employed by CDCR, is unpersuasive. As noted in the Court's order denying Plaintiff's request for a court order, the existence of this legal action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The fact that Officer Wilburn and Sergeant Hernandez are also employed by CDCR does not grant this Court

3

1    jurisdiction to order them to take any particular action or refrain from taking any particular action.

2    To the extent Plaintiff argues that his constitutional rights are being violated, he has other

3    avenues of relief available to him, including filing a petition for writ of habeas corpus in state

4    court. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a

5    California trial court may grant habeas corpus petitioners prospective relief to redress recurring,

6    persistent deprivations of prisoners' rights at correctional facilities). The issue is not that

7    Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper

8    forum. The issue is that this action cannot be used by Plaintiff obtain the relief he seeks. The

9    seriousness of Plaintiff's allegations concerning lack of access to his legal materials and property

10   cannot and do not overcome what is a jurisdictional bar. *Steel Co. v. Citizens for a Better*

11   *Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and

12   redressability constitutes the core of Article III's case-or-controversy requirement, and the party

13   invoking federal jurisdiction bears the burden of establishing its existence.")

14   Finally, the Court notes that Plaintiff has not addressed the issue raised in the Court's

15   prior order regarding the timeliness of the discovery requests referenced by Plaintiff. Plaintiff's

16   original motion for a court order was signed and dated September 25, 2022, after the September

17   18, 2022 deadline for completion of all discovery. In that motion, Plaintiff notes that although he

18   was transferred on September 12, 2022 without any of his property and legal materials, it was not

19   until September 23, 2022 that he was told that he must dispose of much of his legal materials.

20   (ECF No. 51, p. 1.) Plaintiff also has not specified the scope of the discovery requests he

21   intended to serve or why he had not prepared them earlier, particularly in light of the Court's

22   instruction that "discovery requests and deposition notices must be served sufficiently in advance

23   of the discovery deadline to permit time for a response and time to prepare and file a motion to

24   compel." (ECF No. 33, p. 2.) Even if Plaintiff had served discovery requests on Defendants

25   between September 12, 2022 and September 18, 2022, this would not have permitted sufficient

26   time for Defendants to prepare a response or for Plaintiff to file any necessary motion to compel.

27   If Plaintiff contends that he was otherwise prevented from serving his discovery requests

28   before his September 12, 2022 transfer, this argument is more appropriately raised in a motion to

modify the discovery and scheduling order to extend the discovery deadline. In any such motion, Plaintiff should identify what good cause supports such a request, specify what discovery requests remain, and explain why he was prevented from serving his discovery requests in advance of the deadline.

To the extent Plaintiff argues that his lack of access to his legal materials and property has affected his ability to meet deadlines in other pending or future legal actions, those issues are not properly before the Court in the instant action.

### III. Conclusion and Order

Based on the foregoing, Plaintiff has presented no legal basis for the Court to reconsider its denial of his motion for a court order, and therefore the motion for reconsideration, (ECF No. 53), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 18, 2022**             /s/ Barbara A. McAuliffe            _
UNITED STATES MAGISTRATE JUDGE

5