# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PIÑA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>YSUSI, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-01735-BAM (PC)<br><br>ORDER DENYING MOTION REQUESTING APPOINTMENT OF COUNSEL<br><br>(ECF No. 56) |

Plaintiff Pablo P. Piña ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Ysusi for excessive force in violation of the Eighth Amendment and against Defendant J. Gonzales for retaliation in violation of the First Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 36, 39.)

Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 21, 2022. (ECF No. 56.) Plaintiff argues that counsel should be appointed because he is unable to pursue his legal action in this case due to CDCR refusing to provide Plaintiff with his legal materials and law books. In addition, Plaintiff contends that defense counsel in this action is refusing to turn over discovery requested by Plaintiff, claiming that the information is privileged. This has prevented Plaintiff from pursuing his action against Defendants. Plaintiff has previously informed the Court that he was transferred abruptly to a different institution on September 12,

1  2022, and upon arrival his request for his legal materials was ignored by staff.  Plaintiff was

2  therefore unable to meet the September 18, 2022 deadline for the completion of discovery in this

3  action.  (*Id.*)  Plaintiff then requested intervention by the Court in the form of a preliminary

4  injunction, (ECF No. 51), which the Court denied, (ECF No. 52).  Despite filing numerous

5  requests and appeals asking for his legal material, Plaintiff states that prison officials have

6  ignored his requests.  Plaintiff therefore requests appointment of counsel.  (ECF No. 56.)

7        Defendants have not yet had an opportunity to respond to Plaintiff's motion, but the Court

8  finds a response unnecessary.  Plaintiff's motion is deemed submitted.  Local Rule 230(l).

9        Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

10  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

11  n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

12  U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298

13  (1989).  However, in certain exceptional circumstances the court may request the voluntary

14  assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

15        Without a reasonable method of securing and compensating counsel, the Court will seek

16  volunteer counsel only in the most serious and exceptional cases.  In determining whether

17  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

18  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

19  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

20        The Court has considered Plaintiff's request, but does not find the required exceptional

21  circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

22  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

23  This Court is faced with similar cases filed by prisoners proceeding *pro se* with limited access to

24  legal materials almost daily.  These prisoners also must conduct discovery and prosecute claims

25  without the assistance of counsel.

26        Furthermore, the filing fee has been paid and Plaintiff is not proceeding *in forma pauperis*

27  in this action.  The Court is not aware of any authority that would allow the appointment of

28  counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

1      In addition, based on a review of the record in this case, the Court does not find that
2 Plaintiff cannot adequately articulate his claims.  As demonstrated in the instant motion, Plaintiff
3 is able to prepare and file documents clearly setting forth his contentions, without assistance from
4 counsel.  Furthermore, although the Court screened the first amended complaint and found that it
5 stated cognizable claims that are proceeding in this action, this does not necessarily indicate a
6 likelihood of success on the merits.

7      Finally, as the Court discussed in its previous order, Plaintiff's arguments regarding
8 discovery are more appropriately raised in a motion to modify the discovery and scheduling order
9 to extend the discovery deadline.  In any such motion, Plaintiff should identify what good cause
10 supports such a request, specify what discovery requests (or discovery disputes) remain, and
11 explain why he was prevented from serving discovery requests or filing a motion to compel prior
12 to the expiration of the discovery deadline.

13      For the foregoing reasons, Plaintiff's motion for appointment of counsel, (ECF No. 56), is
14 HEREBY DENIED.

15
16 IT IS SO ORDERED.

17   Dated:   **November 27, 2022**             /s/ *Barbara A. McAuliffe*           _
18                                              UNITED STATES MAGISTRATE JUDGE

3